

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JOHN KEITH ECKERD, JR.** | § | Case No. 18-41521 |
| xxx-xx-7512 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| FRANK HOWARD, | § | |
| JOHN D. REYNOLDS, and | § | |
| JOHN BAHL | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 18-4092 |
| | § | |
| JOHN KEITH ECKERD, JR. | § | |
| | § | |
| Defendant | § | |

### MEMORANDUM OF DECISION REGARDING
### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On this date the Court considered the Motion for Summary Judgment filed by the

Plaintiffs, Frank Howard, John D. Reynolds, and John Bahl (the "Plaintiffs"), in the

above-referenced adversary proceeding and the response filed in opposition to such

motion by the Defendant, John K. Eckerd, Jr., (the "Defendant").  The Plaintiffs seek to

have a pre-petition judgment debt owed to them by the Defendant declared

nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

Upon due consideration of the pleadings, the proper summary judgment evidence

submitted, including the factual determinations that are binding upon the Defendant (and

this Court) through the principles of issue preclusion, and the relevant legal authorities, the Court concludes that the Plaintiffs have failed to demonstrate that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law that the debt owed to them by the Debtor-Defendant, John K. Eckerd, Jr., arising from the entry of a state court judgment entered by the 134th Judicial District Court of Dallas County, Texas, is nondischargeable pursuant to § 523(a)(2)(A) or (a)(6) of the Bankruptcy Code.  This memorandum of decision disposes of all issues pending before the Court.[1]

## Factual and Procedural Background[2]

In 2004, the Plaintiffs were invited by Eckerd to participate in a business investment opportunity.  Eckerd stated his intention to produce and market a video series called "Racetrack Girls Go Nutz" which would mimic the popular "Girls Gone Wild" video series, but would be made and produced at NASCAR-sponsored events and have a specific marketing niche: NASCAR racing fans.  Eckerd allegedly represented to Plaintiffs that he had the necessary NASCAR approval or licensing to proceed with the production.  The Plaintiffs decided to invest in the project in exchange for a specified

---

[1]  This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(l) and meets all constitutional standards for the proper exercise of full judicial authority by this Court.

[2]  The facts presented are those which stand uncontested between the parties and are presented only as a general factual background to the legal claims asserted in this case. This section is not intended to resolve any disputed or contested facts between the parties.

royalty interest in the net revenue derived from the productions.  There was never any net revenue.  Needless to say, the business arrangement soured.

On December 30, 2005, the Plaintiffs filed a lawsuit against Eckerd and the related entities before the 134th Judicial District Court for Dallas County, Texas in cause no. DC-06-00106 and styled *Frank Howard a/k/a F.G. Howard, Jr. Enterprises, John D. Reynolds and John Bahl v. Consolidated Sports Media Group, Inc., Wheels Off Productions, L.P., Gysot Partners, LLC, and John K. Eckerd* (the "State Court Litigation").  The state court petition alleged causes of action for fraudulent inducement, fraudulent misrepresentation, and actual fraud related to a sham company and alleged that Eckerd had manufactured a fraudulent investment opportunity for the purposes of perpetrating a fraud.[3]

After several months of litigation, on or about June 23, 2006, the state court signed an Agreed Judgment (the "State Court Judgment") under which Eckerd and his associated entities agreed to the assessment of joint and several liability to the Plaintiffs for the principal amount of $200,000.00, plus attorneys' fees and interest.[4]  The Agreed Judgment further contained the following agreed decree:

---

[3] Ex. B to *Plaintiffs' Motion for Summary Judgment* **[dkt #15]**.  A duplicate copy of this petition was also erroneously submitted as Exhibit A-1.

[4] Ex. A-2 to *Plaintiffs' Motion*.

It is further ORDERED, ADJUDGED AND DECREED that this judgment shall be non-dischargeable under sections 523 and 727 of the United States Bankruptcy Code in any bankruptcy filing, whether voluntarily or involuntarily commenced by or against the Eckerd Defendants under Title 11 of the United States Bankruptcy Code in any jurisdiction.[5]

This provision echoed a particular portion of a Settlement and Confidentiality Agreement (the "Settlement Agreement") executed by and among the Plaintiffs and the Eckerd Defendants regarding the State Court Litigation which stated:

The Agreed Judgment shall provide that said judgment is non-dischargeable under §§ 523 and/or 727 of the Bankruptcy Code and such provision shall not be contested by the Eckerd Parties in any such subsequent bankruptcy proceeding. The Eckerd Parties unequivocally waive a discharge dischargeable under §§ 523 and/or 727 of the Bankruptcy Code with regard to the Agreed Judgment and the Judgment Amount.[6]

On July 12, 2018, Eckerd filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court. He listed the Plaintiffs as individual unsecured claimants in his schedules with a scheduled debt of $250,000.00. On October 19, 2018, the Plaintiffs filed an adversary complaint, seeking a declaration that the judgment debt was nondischargeable either as a debt procured by fraud under § 523(a)(2)(A) or a debt arising from a willful and malicious injury under § 523(a)(6).

---

[5] *Id.*

[6] Ex. A-3 to *Plaintiffs' Motion*.

The Plaintiffs subsequently filed the present Motion for Summary Judgment contending that the terms of the agreed State Court Judgment preclude any discharge of the judgment debt or, alternatively, that Eckerd is collaterally estopped from seeking a discharge from this Court because "his fraud was already litigated in the state court action."[7]  The Plaintiffs concede, however, that "the issue was not taken to trial before the state court,"[8] but asserts that the issue of nondischargeability "was determined by the agreement of the parties and ratified by the state court."[9] Even if the provision is unenforceable, the Plaintiffs alternatively contend that summary judgment should be granted to them under § 523(a)(2)(A) due to "the underlying facts."[10]

The Defendant timely opposed the Plaintiffs' Motion on the grounds that the principles of issue preclusion cannot apply because the summary judgment record, including the agreed State Court Judgment and the referenced Settlement Agreement, contains no factual findings or admissions by the Defendant on any element necessary to render a debt nondischargeable under § 523(a)(2)(A).  The Defendant further objected to certain portions of the summary judgment record tendered by the Plaintiffs.

---

[7] *Plaintiffs' Motion* at ¶ 9.

[8] *Id*. at ¶ 10.

[9] *Id*.

[10] *Id*. at section C.

-5-

## Discussion

*Summary Judgment Standards and Process*

The Plaintiffs bring their Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056.  That rule incorporates Federal Rule of Civil Procedure 56, which provides that summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[11]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion.[12]  As a movant, a party asserting that a fact cannot be genuinely disputed must support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[13]

The operation of the summary judgment standard depends upon which party will bear the burden of persuasion at trial.  "If the moving party bears the burden of persuasion

---

[11] FED. R. CIV. P. 56(a).

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[13] FED. R. CIV. P. 56(c).

at trial, it must also support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."[14]

If the motion is supported by a *prima facie* showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary.[15] "A fact is material only if its resolution would affect the outcome of the action . . . "[16] In so demonstrating, the nonmovant must show more than a "mere disagreement" between the parties,[17] or that there is merely "some metaphysical doubt as to the material facts."[18] Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact.[19] However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting

---

[14] *Sell v. Universal Surveillance Sys., LLC*, 2017 WL 3712188, at *3 (W.D. Tex. July 6, 2017) *(citing Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010).

[16] *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *accord Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

[17] *Calpetco 1981 v. Marshall Exploration, Inc*., 989 F.2d 1408, 1413 (5th Cir. 1993).

[18] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[19] *McCarty v. Hillstone Rest. Group, Inc*., 864 F.3d 354, 357 (5th Cir. 2017).

its existence; rather, all that is required is that sufficient evidence supporting the claimed

factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial."[20]

The record presented is reviewed in the light most favorable to the nonmoving

party.[21]  "Where the record taken as a whole could not lead a rational trier of fact to find

for the nonmoving party, there is no 'genuine issue for trial.'"[22]  Further, "[o]nly disputes

over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment."[23]  Essentially, if a nonmovant fails to set forth

specific facts that present a triable issue on any relevant issues, his claims should not

survive summary judgment.[24]

In addition to the Rule 56 procedures outlined above, Local Rule of Bankruptcy

Procedure 7056 invokes the requirements of Local District Court Rule CV-56 with

reference to the content and determination of summary judgment motions.[25]  That rule, in

relevant part, directs a movant to include a Statement of Undisputed Material Facts and to

---

[20] *Anderson*, 477 U.S. at 248-49 (*citing First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).

[21] *Matsushita*, 475 U.S. at 587.

[22] *Id.*

[23] *Anderson*, 477 U.S. at 248.

[24] *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 494 (5th Cir. 2001).

[25] BANKR. E.D. TEX. LOCAL R. 7056.

support such a statement with "appropriate citations to proper summary judgment evidence."[26]  It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence."[27]  With regard to the disposition of the motion, the rule states:

> (c) **Ruling**.  In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence.  The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.[28]

*Admissibility of Summary Judgment Evidence*

The Defendant challenges whether the Plaintiffs have tendered admissible summary judgment evidence.  The Plaintiffs offered no affidavit testimony in support of their motion.  Their summary judgment evidence is comprised solely of uncertified copies of state court pleadings and orders, along with a copy of the settlement agreement which resolved the State Court Litigation.[29]  The Defendant asserts that such materials are not

---

[26]  "The phrase 'appropriate citations' means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line." *Broussard v. Oryx Energy Co.*, 110 F.Supp.2d 532, 536 (E.D. Tex. 2000) (*citing* E. D. TEX. LOCAL R. CV-56(d)).

[27]  E.D. TEX. LOCAL R. CV–56(b).

[28]  E.D. TEX. LOCAL R. CV–56(c) (emphasis added).

[29]  This proffered evidence included a copy of the Plaintiffs' state court petition with attached pleadings derived from the Defendant's litigation with NASCAR [Ex. A-1 and Ex. B], the Agreed Judgment from the State Court Litigation [Ex. A-2], the State Court Litigation settlement agreement [Ex. A-3], and a copy of a Temporary Restraining Order issued in the Defendant's NASCAR litigation [Ex. C].

properly authenticated[30] and that the contents of such materials constitute improper

hearsay.[31]  The Plaintiffs have not responded to the evidentiary objection.

While it is true that unauthenticated documents formerly would have been

excluded as proper summary judgment evidence,[32] that is no longer the case.  Rule

56(c)(2) now provides that "[a] party may object that the material cited to support or

dispute a fact *cannot* be presented in a form that would be admissible in evidence."[33]

Thus, the applicable summary judgment rule since 2010 focuses on the *possibility* of

authentication rather than insisting on strict compliance.  "At the summary judgment

stage, evidence relied upon need not be presented in admissible form, but it must be

capable of being presented in a form that would be admissible in evidence."[34]  Thus,

"[u]nder the current Rule, a party can support a motion for summary judgment with

evidence that could be admissible at trial, even if it is not authenticated in a summary

---

[30] Authentication is, of course, a condition precedent to admissibility which is satisfied by the presentation of "some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be."  *United States v. Jimenez-Lopez*, 873 F.2d 769, 772 (5th Cir. 1989).

[31] The rules recognize that hearsay is a statement offered in evidence to prove the truth of the matter asserted."  FED. R. EVID. 801.  Unless covered within an exception, hearsay evidence is inadmissible.  FED. R. EVID. 802.  The hearsay rule applies with equal force in the context of a summary judgment.  Thus, hearsay evidence is inadmissible for summary judgment purposes.  *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006).

[32] *See, e.g., Paz v. Brush Engineered Materials, Inc*., 555 F.3d 383, 387-88 (5th Cir. 2009) ["The admissibility of evidence is governed by the same rules, whether at trial or on summary judgment."]; *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) [finding "[u]nauthenticated documents are improper as summary judgment evidence"].

[33] FED. R. CIV. P. 56(c)(2) (emphasis added).

[34] *D'Onofrio v. Vacation Publications, Inc*., 888 F.3d 197, 208 (5th Cir. 2018).

judgment motion."[35]   Accordingly, even without a response from the Plaintiffs, because the various pleadings and orders would be capable of self-authentication at the time of trial and the authenticity of the settlement agreement could be established by sponsoring testimony, the Court concludes that the authenticity objections should be overruled.

However, "it is a proper summary judgment objection that the material cited to support or dispute a fact <u>cannot</u> be presented in a form that would be admissible in evidence."[36]   Thus, the hearsay objection stands in a different posture than the authenticity issue.

The Plaintiffs filed no response to the Defendant's hearsay objection and a review of the Plaintiffs' complaint and summary judgment submissions clearly establishes that the Plaintiffs are offering the tendered pleadings for the truth of the statements made in those documents.   The self-characterized "Facts" section of the Plaintiffs' motion is actually just a recitation of the allegations derived from the attached pleadings from prior litigation.   Though the Plaintiffs assert that "[t]he facts in the public record are more than adequate to prove each element,"[37] that is demonstrably false as an evidentiary matter.[38] As the Eleventh Circuit has recognized,

---

[35]   *Aubin v. Columbia Cas. Co.*, 272 F.Supp.3d 828, 836 (M.D. La. 2017).

[36]   *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124-25 (5th Cir. 2011) (emphasis added).

[37]   Plaintiffs' motion at ¶ 12.

[38]   This conclusion does not encompass the Plaintiffs' reliance upon the principles of issue preclusion which will be discussed *infra*.

> . . . pleadings are only allegations, and allegations are not evidence of the
> truth of what is alleged.  Just as [a party] cannot rely on her own pleadings
> as evidence to defeat summary judgment, she cannot rely on the pleadings
> filed by other plaintiffs in other cases.[39]

Because the Plaintiffs' proffered contentions are properly characterized as

unsubstantiated, subjective beliefs presented as conclusory allegations and opinions of

fact, the contents of the Plaintiffs' attached pleadings (including their own complaint)

constitute hearsay and the contents are not considered valid evidence upon which a

summary judgment may rest.[40]  The Defendant's objection to the admissibility of Exhibits

A, A-1, B, and C must therefore be sustained.  Thus, without reference to the Plaintiffs'

collateral estoppel argument, the Plaintiffs' summary judgment motion necessarily must

be denied for the Plaintiffs' failure to establish all of the elements of their § 523(a)(2)(A)

claim with credible summary judgment evidence.[41]

    As to the other evidentiary objections, the Defendant's hearsay objection to

Exhibit A-3 [the state court settlement agreement] executed by and among the parties is

---

[39] *Wright v Farouk Systems, Inc.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012).

[40] *See, e.g., Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) [pleadings]; *D'Onofrio*, 888 F.3d. at 208 [legal conclusions]; *Slep-Tone Entertainment Corp. v. Coyne*, 141 F.Supp.3d 813, 832 (N.D. Ill. 2015) [pleadings]; *Malin Intern. Ship Repair & Drydock, Inc. v. Modu Prospector*, 161 F.Supp.3d 481, 486 (S.D. Tex. 2015) [conclusory allegations in operative complaint]; *Tullous v. Tex. Aquaculture Processing Co., LLC*, 579 F.Supp.2d 811, 816 (S.D. Tex. 2008) [unsubstantiated beliefs and allegations of fact]; *Knudson v. Dollar Tree Stores, Inc.*, 2018 WL 2735406, at *2 (S.D. Tex. June 7, 2018) [petitions from other cases].

[41] The Plaintiffs' alternative count under § 523(a)(6) was not addressed in its summary judgment motion.

overruled because it is not hearsay.[42]  Further, the Defendant's hearsay objection to

Exhibit A-2 [the state court agreed judgment] is also overruled because it is not offered

for the truth of the matters asserted.[43]

In consideration of the summary judgment record remaining after the above-

referenced evidentiary exclusions, the Plaintiffs still contend that they

> are entitled to summary judgment because there is no dispute that
> Defendant agreed to entry of a judgment in the [State Court Litigation] that
> explicitly states it cannot be discharged via bankruptcy.  Defendant is
> therefore collaterally estopped from seeking a discharge here as his fraud
> was already litigated in the state court action.[44]

Thus, notwithstanding the lack of any other summary judgment evidence, the Plaintiffs

---

[42]  As stated in *Mueller v. Abdnor*, 972 F.2d 931 (8th Cir. 1992):

> The hearsay rule excludes out-of-court assertions used to prove the truth
> of the facts asserted in them.  Verbal acts, however, are not hearsay
> because they are not assertions and not adduced to prove the truth of the
> matter. . . .  A contract is a form of verbal act to which the law attaches
> duties and liabilities and therefore is not hearsay.

*Id*. at 937 (citations omitted).

[43]  While it can be said that the contents of a court order or judgment are technically composed of
inadmissible hearsay with regard to establishing the truth of the various statements contained therein,
*United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011); *Pfizer Inc. v. Teva Pharm. USA, Inc*., 2006
WL 3041102, at *3 (D.N.J. Oct. 26, 2006), "a prior judgment is **not** hearsay to the extent that it is offered
as legally operative verbal conduct that determined the rights and duties of the parties." *United States v.
Boulware*, 384 F.3d 794, 806 (9th Cir. 2004)(emphasis added).  Thus, when considered in the context of
the Plaintiffs' collateral estoppel argument, the admissibility of the agreed judgment is not precluded by
the hearsay rule because it is being "offered not for its truth but merely to establish its legal effect."
*Callan v. New York Cmty. Bank*, 643 F. App'x. 666, 667 (9th Cir. 2016); *United States v. Dupree*, 706
F.3d 131, 137 (2d Cir. 2013).

[44]  Plaintiffs' motion at ¶ 9.

**-13-**

assert that the nondischargeability provision contained in the Agreed Judgment should simply be enforceable because the Defendant agreed to it.  While it noted that it had not been presented this precise issue for determination, the Fifth Circuit has recently acknowledged that "[s]everal courts of appeal—though not this one—have opined that a pre-petition waiver of the benefits of bankruptcy is contrary to federal law and therefore void."[45]  In *Bank of China v. Huang*,[46] a judgment debtor had agreed to a settlement agreement which provided that:

> Defendants understand, represent and promise to the Bank that the Judgment and the Debt, and all other amounts owed to the Bank, are not dischargeable in any bankruptcy or bankruptcies filed by any of the Individual Defendants; and Defendants shall not, and represent that they have no factual or legal basis to challenge or otherwise dispute the Bank's request for an order in any bankruptcy court to establish the non-dischargeability of such obligations, and Defendants accordingly agree that such an order (and judgment thereon, if requested by the Bank) shall be issued by any bankruptcy court.  Defendants further acknowledge and agree that the understandings, promises, and representations set forth above are essential to this Agreement and that, without such understandings, promises, and representations, the Bank would not have entered into this Agreement.[47]

---

[45] *Franchise Svcs. of N. Am., Inc. v. United States Trustee (In re Franchise Services of N. Am., Inc.)*, 891 F.3d 198, 207 (5th Cir. 2018).  The parties in that case both acknowledged that a debtor cannot contract away the protections of bankruptcy.  However, noting that the case did "not involve a contractual waiver of the right to file for bankruptcy or to a discharge," the Circuit concluded that "[a]s this case is framed, we can assume without deciding that such a waiver is invalid.  We leave the resolution of that issue for another case, one in which it is squarely presented."  *Id.*

[46] *Bank of China v. Huang (In re Huang)*, 275 F.3d 1173 (9th Cir. 2002).

[47] *Id.* at 1176.

Fourteen months later, the debtor filed for Chapter 7 relief.  Though initially held

nondischargeable based upon the agreement, that ruling was reversed on appeal by the

district court.  In affirming the district court's reversal, the Ninth Circuit stated:

> It is against public policy for a debtor to waive the prepetition protection of
> the Bankruptcy Code.  This prohibition of prepetition waiver has to be the
> law; otherwise, astute creditors would routinely require their debtors to
> waive.  Accordingly, the district court held that the Settlement Agreement's
> provisions that the judgment and debt are not dischargeable [and a
> corresponding agreement that Huang would not even enter bankruptcy] are
> unenforceable.[48]

This proposition had been endorsed earlier by the Seventh Circuit in *Klingman v.*

*Levinson*[49] in which a consent judgment had contained a provision that the debt owed by

Levinson would "not be dischargeable in any bankruptcy or similar proceeding."[50]

Though concluding that the debt was nondischargeable on other legal grounds, the

Seventh Circuit was very specific about the ineffectiveness of the nondischargeability

provision:

> As the bankruptcy court properly noted, the stipulation that the debt owed

---

[48]  *Id.* at 1177.  This unenforceability of pre-petition waivers of bankruptcy benefits was later
affirmed in *Continental Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011,
1026 (9th Cir. 2012) (*citing, inter alia, In re Pease*, 195 B.R. 421, 434-35 (Bankr. D. Neb. 1996) ["Any
attempt by a creditor in a private pre-bankruptcy agreement to opt out of the collective consequences of a
debtor's future bankruptcy filing is generally unenforceable. The Bankruptcy Code preempts the private
right to contract around its essential provisions."].

[49]  *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir. 1987).

[50]  *Id.* at 1296.

to Ms. Klingman would not be dischargeable in any bankruptcy or similar proceeding did not constitute a waiver of Mr. Levinson's right to have a bankruptcy court determine the dischargeability of the debt. . . . For public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy.[51]

This is a widely-accepted prohibition[52] and the Plaintiffs have cited no authority to the contrary. This Court thus accepts the soundness of the policy position that, in the absence of binding factual determinations, such pre-petition *ipso facto* clauses precluding the dischargeability of a debt are unenforceable. Thus, the inclusion of such a provision by the parties in the Settlement Agreement and the Agreed Judgment arising from the State Court Litigation is ineffective to render the underlying judgment debt nondischargeable as a matter of law.

However, the Plaintiffs' position on collateral estoppel presents a closer question. While the Plaintiffs concede that "the issue [of fraud] was not taken to trial before the state court,"[53] they assert that "collateral estoppel should nevertheless apply because the

---

[51] *Id*. at n. 3.

[52] *See, e.g.*, *Lichtenstein v. Barbanel*, 161 F. App'x 461, 468 (6th Cir. 2005) [recognizing that a "pre-petition stipulation in a state-court action waiving a debtor's right to obtain a discharge of a specific debt in a future bankruptcy case is void because it offends the public policy of promoting a fresh start for individual debtors."]; *Hebl v. Windeshausen*, 590 B.R. 871, 876 (W.D. Wis. 2018) [affirming the unenforceability of an arbitration agreement provision that any award would be nondischargeable in bankruptcy as "consistent with established law"]; *Hayhoe v. Cole* (*In re Cole*), 226 B.R. 647, 651 n.6 (B.A.P. 9th Cir. 1998) [collecting bankruptcy court cases regarding unenforceability]; *Del Rey v. Pearson* (*In re Pearson*), 120 B.R. 396, 398-99 (Bankr. N.D. Tex. 1990) (C.J. McGuire) [noting in its rejection of the effectiveness of a nondischargeability clause in a settlement agreement and consent judgment that "[c]ourts have refused to give effect to contractual nondischargeability terms because they violate public policy."].

[53] Plaintiffs' motion at ¶ 10.

issue was determined by the agreement of the parties and ratified by the state court."[54]

*Standards for Issue Preclusion (Collateral Estoppel)*

"Collateral estoppel or, in modern usage, issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"[55]  In other words, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."[56]  "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."[57]

In the bankruptcy dischargeability context, "parties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability" and thereby satisfy the elements thereof.[58]  Namely, when an issue that forms the basis for a

---

[54] *Id.*

[55] *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (internal quotations omitted).

[56] *Montana v. U. S.*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)).

[57] *Id.* at 153-54.

[58] *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (quotation marks omitted).

creditor's theory of nondischargeability has been litigated in a prior proceeding, neither the creditor nor the debtor may relitigate those grounds.[59]  While the doctrine of issue preclusion applies in bankruptcy dischargeability litigation, a bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable.[60]

The inquiry into the preclusive effect of a state court judgment is guided by the Full Faith and Credit Act, which states that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C.A. § 1738 (West 2006).[61]  "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and *commands* a federal court to accept the rules chosen by the State from which the judgment is taken."[62]  Effectively, the "Full Faith and Credit Act expands the Full Faith and Credit Clause and requires federal courts to give full faith and credit to state court proceedings."[63]  Thus, federal courts are not free to

[59]  *RecoverEdge, L.P. v. Pentecost*, 44 F.3d 1284, 1294 (5th Cir. 1995).

[60]  *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991).

[61]  In the vernacular of the Supreme Court, § 1738 "implements" the Full Faith and Credit Clause of the United States Constitution – U.S. Const., Art. IV, § 1.  *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 80, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

[62]  *Shimon v. Sewerage & Water Bd. Of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (emphasis added) (*citing Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)) and *Kremer v. Chem. Constr. Corp*., 456 U.S. 461, 481–82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)).

[63]  *Davis v. Chase Home Finance, LLC*, 597 F. App'x 249, 252 (5th Cir. 2015).

-18-

ignore the principles of issue preclusion utilized by the forum state in which the prior judgment was entered.[64]

Because the agreed judgment issued against the Defendant was entered in a Texas state court, this Court is required to apply the Texas law of issue preclusion.[65]  A party is collaterally estopped from raising an issue under Texas law when (1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first proceeding.[66]  Once an actually litigated and essential issue is determined, that issue is conclusive in a subsequent action between the same parties.  Consequently, as the party asserting the preclusive effect arising from the State Court Litigation, the Plaintiffs bear the burden to demonstrate that the elements of collateral estoppel are satisfied by the surviving summary judgment record.

The Plaintiffs contend that the Defendant's agreement to the execution and entry of the Agreed Judgment in the State Court Litigation is singularly sufficient to make the nondischargeability provision of that judgment binding upon the Defendant under the

---

[64]  *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997).

[65]  *Ingalls v. Erlewine (In re Erlewine)*, 349 F.3d 205, 210 (5th Cir. 2003); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996).

[66]  *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

principles of issue preclusion.[67]   However,

> [a] consent judgment does not ordinarily give rise to issue preclusion
> because the issues underlying the judgment are neither actually litigated nor
> necessary and essential to the judgment.  However, consent judgments will
> be given preclusive effect if the parties manifest such an intention.[68]

This is consistent with Texas law which provides that "[T]o have collateral estoppel

effect, the particular issue in the current case must have been actually litigated in the

earlier proceeding, which means that the issue was raised by the pleadings or otherwise

submitted for determination and was determined by the fact finder."[69]  It is also consistent

---

[67] The Plaintiffs' reliance upon this Court's decision in *Andra Group, L.P. v. Gamble-Ledbetter (In re Gamble-Ledbetter)*, 419 B.R. 682 (Bankr. E.D. Tex. 2009) for this proposition is misplaced.  The state court judgment in *Andra Group* was based upon a settlement orally announced on the state court record by the state court attorneys and which the debtor subsequently claimed was unauthorized.  This court found that each side was bound by the judgment amount and the imposition of a lien as stated in the agreed judgment, but determined that such was "the extent to which collateral estoppel may properly apply here because [as in this case] the judgment is not supported by further factual findings."  *Id.* at 695.  Notably, the *Andra Group* decision did not involve an unenforceable stipulation of nondischargeability.

[68] *Hughes v. Santa Fe Intern. Corp.*, 847 F.2d 239, 241 (5th Cir. 1988) [arising from federal consent judgment based upon a settlement agreement].  *See also,* 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4443, pp. 257-258 (2017)  ["In *most* circumstances, it is recognized that consent agreements *ordinarily* are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented. Thus consent judgments ordinarily support *claim* preclusion but not *issue* preclusion."] (emphasis added).  As one court explained the rationale for this general rule:

> The social interest in reducing instances of costly litigation is undermined by a rule
> which provides drastic consequences for settlements.  Parties are less willing to enter into
> settlement agreements if such agreements could have drastic, far reaching and
> unforeseeable consequences.  Further, by not recognizing a collateral estoppel effect,
> there is no threat to the legitimate expectations of repose, as parties to consent judgments
> do not bargain for such protection.  Moreover, judicial consistency is not disturbed since
> judges are not deciding issue (sic) underlying consent judgments.

*Gianetti Contracting Co. v. Fodale (In re Fodale)*, 2012 WL 718904, at *3 (Bankr. E.D. Mich. Feb. 23, 2012) (applying Michigan law).

[69] *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985); *Tenet Health Sys. Hosps. Dallas, Inc. v. N. Texas Hosp. Physicians Group, P.A.*, 438 S.W.3d 190, 203 (Tex.

with the earlier-cited bankruptcy jurisprudence that, even though the enforceability of a

pre-petition provision rendering a particular debt nondischargeable is uniformly rejected

as a violation of public policy, the stipulation of *facts* in pre-petition litigation can

properly lead to a bankruptcy court decision rendering a particular debt nondischarge-

able.[70]  The Fifth Circuit instructs in *Hughes* that in evaluating whether issues raised in a

matter resulting in the entry of an agreed judgment can be considered to have been

"actually litigated" for the purposes of collateral estoppel, it is appropriate to examine the

agreed judgment and the settlement agreement together in order to determine whether the

earlier resolution was based upon the parties' consent or upon some factual determination

or acknowledgment.[71]  If the settlement language is inconclusive, the general rule against

the application of a preclusive effect should apply.[72]

   The Agreed Judgment notes that the parties "announced to the Court that all

matters of fact and things in controversy between and among the parties have been full

[sic] and finally compromised and settled."[73]  No recitation of fact regarding the

---

App.—Dallas 2014, no pet.).

   [70] *See, e.g., Klingman*, 831 F.2d at 1296; *Huang*, 275 F.3d 1177-78; *Cole*, 226 B.R. at 655 ["We have already concluded that the portion of the Stipulated Judgment that purported to waive Appellee's right to obtain a discharge of the Debt was unenforceable as against public policy.  However, if the parties stipulated to the underlying facts that support a finding of nondischargeability, the Stipulated Judgment would then be entitled to collateral estoppel application."].

   [71] *Hughes*, 847 F.2d at 241.  Texas law agrees with that approach.  *See, e.g., Smith v. Huston*, 251 S.W.3d 808, 825 (Tex. App.—Fort Worth 2008, pet. denied).

   [72] *Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 327 (5th Cir. 2006).

   [73] Ex. A-2 to *Plaintiffs' Motion* at 1.

-21-

Defendant's conduct is contained in the Agreed Judgment.  The Settlement Agreement cites the parties' desire "to avoid the uncertainty and expense of litigation by compromising forever any and all claims against one another, dismissing al [sic] pending litigation, and thus have reached this Agreement."[74]  That recital is affirmed in paragraph seven of the Settlement Agreement which states:

> 7.     <u>Compromise of Claims</u>.  The agreements made and the consideration provided herein is to compromise disputed claims and to avoid litigation and the related expense and uncertainty thereof.[75]

As with the Agreed Judgment, there is no express admission of fault or liability by the Defendant nor any recitation of any kind regarding the Defendant's specific conduct in the Settlement Agreement.  Except for the unenforceable provisions that purport to waive the Defendant's bankruptcy discharge or to render the amounts memorialized in the Agreed Judgment nondischargeable, there are no factual stipulations to which the Defendant is bound, the state court issued no factual determinations, nor is there any manifestation that the parties intended for the Agreed Judgment or the Settlement Agreement to have a preclusive effect.  Absent the void provisions, the summary judgment record documents only a compromise of claims.  Accordingly, the Court concludes that no factual issue was "actually litigated" in the State Court Litigation and that the Agreed Judgment should be interpreted solely as a consent judgment with no

---

[74]  Ex. A-3 to *Plaintiffs' Motion* at 1.

[75]  *Id.* at 3.

issue preclusion ramifications.  Thus, the request for entry of a summary judgment in favor of the Plaintiffs based upon the principles of collateral estoppel must be denied.

## Conclusion

Based upon the Court's consideration of the pleadings, its resolution of the Defendant's objections to the evidence tendered and the summary judgment evidence admitted into the record, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the Plaintiffs' Motion for Summary Judgment in the above-referenced adversary proceeding must be denied.  An appropriate order shall be entered consistent with this opinion.

Signed on 10/16/2019

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE